IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN SCHULTZ, on behalf of
herself and all others similarly
situated,

No. 2:18-cv-00489-JFC

Plaintiff

v.

PATENAUDE & FELIX, A/P.C. and
CACH, LLC,

Defendants.

## AMENDED CLASS ACTION COMPLAINT

### I.   INTRODUCTION

1.   This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  The FDCPA provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).

2.   In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.   Because of this, Courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v. Apex Financial Management, LLC, 567 F.Supp. 2d 1035, 1042 (N.D. Ill. 2000).

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

5. Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard, which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006) (quoting Wilson v. Quadramed Corp. 225 F.3d 350, 354 (3d Cir. 2000)) (internal quotation marks omitted). As the Third Circuit has articulated, this "lower standard comports with a basic purpose of the FDCPA…to protect 'all consumers, the gullible as well as the shrewd', 'the trusting as well as the suspicious', from abusive debt collection practices." Id. (internal citations omitted).

6. Section 1692g(a)(3) of the FDCPA requires that:

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall…send the consumer a written notice containing…(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3). This "validation process" ensures that consumers are notified of their rights in a timely manner. See, e.g., Wilson, 225 F.3d at 354: "[T]he debt validation provisions of § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law."

7. Defendants Patenaude & Felix, A.P.C. ("Patenaude & Felix") and CACH, LLC ("CACH") are subject to strict liability under the FDCPA for causing to be sent a form collection notice which fails to properly inform the least sophisticated consumer that to effectively request cessation of debt collection activities, such request must be in writing.

8. Plaintiff Karen Schultz ("Schultz") individually and on behalf of the putative class seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692, et seq.

## II.   VENUE AND JURISDICTION

9. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

10. In personam jurisdiction exists and venue is proper as Defendant regularly does harm in this district and has caused harm in this district.

## III.   PARTIES

11. Schultz is a natural person residing in Allegheny County, Pennsylvania.

12. Schultz is obligated or allegedly obligated to pay a debt and, therefore, is a "consumer." 15 U.S.C. § 1692a(3).

13. Defendant Patenaude & Felix is a California professional corporation operating as a law firm with a business address of 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123.

14. Defendant Patenaude & Felix regularly engages in the collection of consumer debts by the use of the mails and telephone.

15. Defendant Patenaude & Felix regularly attempts to collect debts alleged to be due another.

16. Defendant Patenaude & Felix is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

17.     Defendant CACH is a foreign limited liability company organized and existing under the law of Colorado, with its principal place of business located at 6801 S. Cimaron Road, Suite 424H, Las Vegas, Nevada 89113.

18.     Defendant CACH regularly engages in the collection of consumer debts by the use of the mails and telephone.

19.     Defendant CACH regularly attempts to collect debts alleged to be due another.

20.     Defendant CACH is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692(a)(6).

## IV.     STATEMENT OF CLAIM

21.     Schultz allegedly defaulted on a credit card issued by Synchrony Bank (the "account"), which was used primarily for personal, family, or household purposes and is, therefore, a "debt" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(5).

22.     The account was allegedly purchased by Defendant CACH.

23.     Upon information and belief, Defendant CACH assigned the account to Defendant Patenaude & Felix to initiate collection efforts.

24.     Defendant CACH is liable for the actions of Defendant Patenaude & Felix. Pollice v. National Tax Funding, L.P. 225 F.3d 379, 404-06 (3d Cir. 2000); and Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994).

25.     Defendants caused to be mailed to Schultz a form collection letter ("collection letter") attempting to collect on the account. Upon information and belief, the collection letter is one in a series of collection letters on the letterhead of Defendant Patenaude & Felix and it is identified in the lower left hand corner as PRPF03R2. A true and correct copy of said letter is attached hereto as Exhibit "A."

4

26. The collection letter is a "communication" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(2).

27. The collection letter is purportedly signed by Gregg L. Morris, Esquire. Upon information and belief, Mr. Morris is employed by Patenaude & Felix as an attorney.

28. The last sentence in the second paragraph of the collection letter states: "[I]f you wish to eliminate further collection action, please contact us at 800-832-7675 ext 8200."

29. Defendants caused to be sent the same form collection letter to numerous consumers across the Western District of Pennsylvania.

## V. CLASS ALLEGATIONS

30. Schultz brings this action on behalf of herself and the members of a class defined as follows:

> All persons: (a) who incurred any obligation to Synchrony Bank to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family, or household purposes; (b) who received a collection letter on the letterhead of Defendant Patenaude & Felix collecting on behalf of CACH, LLC substantially similar to the letter attached hereto as Exhibit "A"; (c) who had a residence located in the Western District of Pennsylvania as of the date the collection letter was mailed; and (d) in the period commencing one (1) year prior to the filing of the original Complaint in this action, through the date of class certification.

31. This matter involves a form collection letter mailed to consumers in the Western District of Pennsylvania. Members of the class are so numerous that joinder is impracticable. While the exact number of class members is unknown to Schultz, it is believed that the class is comprised of at least One Hundred (100) members geographically dispersed throughout the Western District of Pennsylvania. The class, however, is readily identifiable from information and records in the possession of Defendants.

32. Common questions of law and fact exist as to all members of the class. These questions predominate over questions that may affect only individual class members because Defendants have acted on grounds generally applicable to the class. Such common, legal or factual questions include:

    a. whether Schultz and the class received a collection letter on the letter of Defendant Patenaude & Felix substantially similar to the letter attached hereto as Exhibit "A";

    b. whether the letter attached hereto as Exhibit "A" violates the FDCPA; and

    c. the uniform statutory damages provided for such illegal misconduct.

33. Defendants' defense to Schultz's claims are typical of their defenses to claims of the members of the class.

34. The claims of Schultz are typical of those of the class. All are based on the same factual and legal theories. All class members are consumers who allegedly defaulted on a consumer debt. All class members were sent an improper validation notice, which makes it appear to the least sophisticated consumer that cessation of debt collection communications can be accomplished via an oral request when the FDCPA requires the request to be in writing.

35. Schultz will fairly and adequately protect the interests of the class. Schultz has no interest antagonistic to those of the class.

36. Schultz's counsel is competent and experienced in consumer class actions generally, and in the litigation of FDCPA matters specifically.

37. Defendants have acted on grounds generally applicable to the class, thereby making final relief appropriate with respect to the class as a whole.

38. The questions of law and fact common to the class predominate over any

questions affecting only individual members.

39. The prosecution of several separate actions by the members of the class would create a risk of inconsistent or varying adjudication.

40. The class provides a fair and efficient method for adjudication of the controversy.

41. The class members are consumers who may be unable to locate or afford to hire an attorney, particularly in light of the modest size of any individual recovery, and the specialized nature of FDCPA litigation.

42. The size of the class, and any trial would be readily manageable.

## COUNT I

43. Schultz incorporates paragraphs 1 through 42 of the instant Amended Class Action Complaint as if set forth at length herein.

44. Section 15 U.S.C. § 1692c(c) titled "Ceasing communication" provides in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.... (emphasis added).

45. The last sentence in paragraph two of the collection letter states: "[I]f you wish to eliminate further collection action, please contact us at 800-832-7685 ext. 8200."

46. The collection letter is misleading because it provides instructions on how a consumer can cease collection communications in direct contravention of § 1692c(c) of the FDCPA.

47. By believing the only way to cease collection activity is to call Defendant

7

Patenaude & Felix's toll free number, the least sophisticated consumer is exposing himself or herself to manipulation and harassment by speaking directly to a debt collector over the telephone, which could lead the least sophisticated consumer to paying a disputed debt or giving up valuable rights provided by the FDCPA.

48. Defendants violated Sections 1692c(c) and 1692e(10) of the FDCPA by providing language that misrepresents to the least sophisticated consumer that he or she can request the cessation of collection activity by phone.

49. Defendants' violation is material in that Defendants' failure to properly instruct the least sophisticated debtor on how to cease collection activity would affect the least sophisticated debtor's decision-making with regard to requesting cessation of collection action.

WHEREFORE, Plaintiff Karen Schultz prays that this Court certify the matter as a class action and enter judgment for Schultz and the class members:

   a. awarding statutory damages to Schultz and the Class as provided by the FDCPA, 15 U.S.C. § 1692k(a)(2)(B);

   b. awarding the costs of the action, together with reasonable attorneys' fees as provided by the FDCPA, 15 U.S.C. §1692k(a)(3); and

   c. such other and further relief as the Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

/s/ Clayton S. Morrow
Clayton S. Morrow

/s/ Jeffrey L. Suher
Jeffrey L. Suher
Attorneys for Plaintiff and the Class

13303

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **AMENDED CLASS ACTION COMPLAINT** has been served in accordance with the Federal Rules of Civil Procedure on this 13th day of August, 2018, upon the following via the Electronic Case Filing system:

Daniel Bentz, Esquire
Thomas Pié, Jr., Esquire
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
707 Grant Street, Gulf Tower
Suite 2600
Pittsburgh, PA  15219
*Counsel for Patenaude & Felix, A.P.C.*
*Defendant*

/s/Jeffrey L. Suher
Attorneys for Plaintiff and the Class