IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN SCHULTZ, on behalf of
herself and all others similarly
situated,                                                                  No. 2:18-cv-00489-MJH

        Plaintiff

  v.

PATENAUDE & FELIX, A.P.C. and
CACH, LLC,

        Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT CACH, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes Plaintiff, Karen Schultz ("Schultz"), by and through her counsel, Jeffrey L. Suher, Esquire, and Dell, Moser, Lane & Loughney, LLC, and Clayton S. Morrow, Esquire, and Morrow & Artim, P.C., and files the within Response to Defendant CACH, LLC'S ("CACH") Motion to Dismiss Plaintiff's Amended Complaint as follows:

### INTRODUCTION

On October 1, 2018, CACH filed a Motion to Dismiss. CACH incorporated the arguments set forth in the Motion to Dismiss filed on behalf of Co-Defendant, Patenaude & Felix, A.P.C. ("P&F"). Plaintiff incorporates at length herein her response to P&F's Motion to Dismiss.

In addition to the arguments set forth by P&F, CACH adds an additional argument. Specifically, CACH argues that it is not a debt collector as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. For the reasons stated below, CACH is a debt collector and therefore, its Motion to Dismiss should be denied.

**ARGUMENT**

**A.  CACH is a Debt Collector**

To be liable under the FDCPA, the Defendant must be a debt collector.  *Tatis v. Allied Interstate, LLC*, 882 F.3d 422,426 (3d Cir. 2018).  The FDCPA defines debt collector in relevant part in 15 U.S.C. §1692a(6) as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

CACH is not a financial institution or lender.   Its sole business is collecting debts it has purchased and is commonly referred to as a "debt buyer". CACH uses the mails and wires for its business.  CACH "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" and therefore, is a debt collector under 15 U.S.C. §1692a (6).

Notably, in arguing that it is not a debt collector, CACH fails to cite the recent Third Circuit precedential opinion in *Tepper v. Amos Financial, LLC*, August 7, 2018, No. 17-2851. In *Tepper*, the Defendant/Appellant Amos Financial, LLC ("Amos") purchased a defaulted mortgage loan.  Amos argued that since it was collecting the debt on its own behalf, it was not a debt collector under the FDCPA.  The Third Circuit disagreed reasoning that Since Amos' sole business was collecting debts it purchased, Amos was a debt collector.

Like Amos, CACH purchased Plaintiff's alleged debt.  Since CACH's sole business is collecting debts it purchased, it is a debt collector as defined by the FDCPA.  See *Tepper*, supra.

**B.  The subject letter violates 15 U.S.C. § 1692e(10)**

It is important to point out that CACH does not dispute the fact that the letter contradicts the

the requirement under the FDCPA that to halt collection communications, the consumer's request must be in writing.  15 U.S.C. § 1692c(c). (As a reminder, Plaintiff is dropping her claim under 1692c(c) and proceeding solely under 1692e(10) since 1692c(c) does not address deceptive or misleading conduct).  In fact, and quite surprisingly, CACH in fn 4 set forth in its Memorandum in Support of its Motion to Dismiss, acknowledges that if Plaintiff would have verbally requested cessation of debt collection activities, 1692c(c) would not have been violated if CACH/P&F failed to comply since 1692c(c) requires the request to be in writing.

Rather, CACH is arguing that the letter is not deceptive or misleading since it does not state that the "sole method" for requesting cessation of debt collection communications is verbal. Whether the letter states a verbal request is the sole method is a red-herring.  The bottom line is that the least sophisticated debtor can read the letter as stating that a verbal request to cease collection communications is adequate.  This is false. Inviting a consumer to make a phone call to request cessation of collection communications undisputedly contradicts 1692c(c) and is therefore false, deceptive or misleading since it can be reasonably interpreted to have "two or more different readings, one of which is inaccurate", i.e. that a verbal request is sufficient to cease debt collection communications. See *Wilson v. Quadramed*, 225 F.3d 350 (3d Cir. 2000).

## CONCLUSION

For the reasons stated above, the Motion to Dismiss filed on behalf of CACH should be dismissed.

    Respectfully submitted:

    /s/ Clayton S. Morrow
    Clayton S. Morrow

    /s/ Jeffrey L. Suher
    Jeffrey L. Suher
    Attorneys for Plaintiff and the Class