# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN SCHULTZ, on behalf of herself and all others similarly situated, ) ) | Civil Action No. 18-489 |
| Plaintiff, ) ) | Judge Marilyn J. Horan |
| v. ) ) | |
| PATENAUDE & FELIX, A.P.C. and CACH, LLC, ) ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Plaintiff Karen Schultz, on behalf of herself and a purported class, filed suit against Defendant Patenaude & Felix, A.P.C. (Patenaude) under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1-2. Defendant Patenaude timely removed the matter to this Court based on federal question jurisdiction. ECF No. 1. Following the Initial Case Management Conference, Plaintiff filed an Amended Class Action Complaint (Complaint) withdrawing two claims and adding Cach, LLC as an additional defendant. ECF No. 16.

Defendants Patenaude and Cach each filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). ECF Nos. 20, 31. Additionally, Defendant Patenaude moved to strike under Fed. R. Civ. P. 12(f) in relation to Plaintiff's proposed class definition. ECF No. 20. The parties filed briefs in this matter, ECF Nos. 21, 30, 32, 34, and the Court held a hearing on the Motions on November 27, 2018.

For the following reasons, both Defendants' Motions to Dismiss will be granted and Defendant Patenaude's Motion to Strike will be denied as moot.

1

**I. Background**

According to the Complaint, Plaintiff allegedly defaulted on a credit card account issued by Synchrony Bank. Am. Compl. ¶ 21, ECF No. 16. Defendant Cach purchased that account and then assigned the account to Defendant Patenaude for the purpose of initiating collection efforts. Id. ¶¶ 21–23. Plaintiff alleges both Defendants are "debt collectors" within the meaning of definition provided by—and therefore subject to the regulations within—the FDCPA. Id. ¶¶ 16, 20. Plaintiff also asserts that Defendant Cach is liable for Defendant Patenaude's actions. Id. ¶ 24.

According to the Complaint and attached Exhibit, Plaintiff received a letter dated February 2, 2018 from Defendant Patenaude informing Plaintiff of Defendant Cach's assignment of collection duties to Defendant Patenaude. Id. ¶ 25; Am. Compl. Ex. A, ECF No. 16-1. The letter further stated, "If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8200." Am. Compl. ¶ 28, ECF No. 16; Am. Compl. Ex. A, ECF No. 16-1. Plaintiff alleges that the letter failed to adequately inform consumers of how to effectively request cessation of debt collection activities, making the letter a misleading communication and a violation of 15 U.S.C. § 1692c(c) and § 1692e(10). Am. Compl. ¶¶ 48–49, ECF No. 16.

Plaintiff further alleges that the letter is a form collection letter, sent not only to her, but to numerous other consumers across western Pennsylvania. Am. Compl. ¶ 29, ECF No. 16. Consequently, Plaintiff seeks certification as a class action.

**II. Motions to Dismiss**

a. Legal Standards

In deciding a motion to dismiss a complaint under Rule 12(b)(6), a court must first "accept all factual allegations as true" and "construe the complaint in the light most favorable to

the plaintiff." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted). The court then must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. A complaint is sufficient only when it is facially plausible, meaning that the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). To be plausible on its face, the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements." Id. The court need not "accept unsupported conclusions and unwarranted inferences." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013).

Additionally, in analyzing a claim brought under the FDCPA, the court applies the "least sophisticated debtor" standard, which "aims to protect the gullible as well as the shrewd." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018) (internal quotations omitted). Although this standard protects naive debtors, it still "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (quoting United States v. National Financial Serv., Inc., 98 F.3d 131, 136 (4th Cir. 1996). Furthermore, the "least sophisticated debtor" standard "presumes a basic level of understanding and willingness to read with care." Id. at 354–55.

b. Discussion

Congress enacted the FDCPA for the purpose of "eliminat[ing] abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). In order to state a claim under the FDCPA, the plaintiff must allege "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and

3

(4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Tatis, 882 F.3d at 427. Both Defendants' primary argument is that Plaintiff has failed to sufficiently alleged the fourth element, that Defendants violated certain provisions of the FDCPA. Def. Patenaude's Mot. Dismiss ¶¶ 7–8, ECF No. 20; Def. Cach's Mot. Dismiss ¶¶ 9–10, ECF No. 31. Defendant Cach also disputes the second element, arguing that Plaintiff failed to adequately allege that Defendant Cach is a debt collector under the FDCPA. Def. Cach's Mot. Dismiss ¶ 8, ECF No. 31. Lastly, both Defendants argue that Plaintiff lacks Article III standing to bring her claim. Def. Patenaude's Mot. Dismiss ¶ 10, ECF No. 20; Def. Cach's Mot. Dismiss ¶ 12, ECF No. 31.

Turning first to Defendants' main argument, the Court agrees that Plaintiff has not alleged a violation of the FDCPA. The FDCPA regulates debt collectors' conduct and communications primarily by proscribing the things debt collectors cannot do and, in limited circumstances, prescribing the things debt collectors must do. See 15 U.S.C. §§ 1692c–1692g. Relevant here, Section 1692c(c) of the FDCPA provides that "[i]f a consumer notifies a debt collector in writing that . . . the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c). Additionally, Section 1692e(10) forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In the realm of debt collection letters, the Third Circuit has explained that such a letter "is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006)).

Violation of Section 1692e(10) can create a standalone cause of action, but as a catchall provision, it is regularly brought in conjunction with an alleged violation of another provision within the FDCPA. See, e.g., Kaymark v. Bank of Am., N.A., 783 F.3d 168 (3d Cir. 2015) (plaintiff sought relief under Sections 1692e(2)(a), (5), (10) and 1692f(1)); Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142 (3d Cir. 2013) (plaintiff sought relief under Sections 1692e(10) and 1692g); Crossley v. Lieberman, 868 F.2d 566 (3d Cir. 1989) (plaintiff sought relief under Section 1692e(5) and (10)). Typically, if the Section 1692e(10) claim is based on the alleged violation of the other provision the analysis of the latter claim is dispositive. Caprio, 709 F.3d at 155.

Plaintiff alleges that Defendants violated Sections 1692c(c) and 1692e(10) because they "provid[ed] language that misrepresents to the least sophisticated consumer that he or she can request the cessation of collection activity by phone" and because they "fail[ed] to properly instruct the least sophisticated debtor on how to cease collection activity." Am. Compl. ¶¶ 48–49, ECF No. 16. However, Section 1692c(c) states a prohibition on debt collectors' conduct; it does not create a duty to communicate to the consumer that cessation requests must be made in writing. See Szczurek v. Prof'l Mgmt., Inc., 59 F. Supp. 3d 721, 728 (E.D. Pa. 2014) (noting that the FDCPA "does not require the declaration of the existence of Section 1692(c)"). The statute merely says that if a consumer makes a cessation request in writing, a debt collector will be in violation of the FDCPA if the debt collector continues to contact the consumer. 15 U.S.C. § 1692c(c). Plaintiff does not allege that she sent Defendants a written cessation request or that she continued to receive communications after making a written request. Therefore, Plaintiff fails to allege a violation of Section 1692c(c) of the FDCPA in her Complaint. Furthermore, at oral argument, Plaintiff conceded that no Section 1692c(c) violation exists.

5

Plaintiff advances the same argument—that Defendant Patenaude's letter failed to properly advise consumers on how to put a stop to collection efforts—to allege that the letter was misleading and in violation of Section 1692e(10). Am. Compl. ¶¶ 48–49, ECF No. 16. Specifically, Plaintiff argues that by asking consumers to call if they wish to cease collection efforts, Defendant Patenaude's letter misrepresents consumers' rights and misleads the least sophisticated debtor to believe that calling would be sufficient to cease collection. Pl.'s Resp. to Def.'s Mot. Dismiss 6, ECF No. 30. Plaintiff relies on Bicking v. Law Offices of Rubenstein & Cogan, 783 F. Supp. 2d 841 (E.D. Va. 2011) for her proposition that a debt collector cannot increase the means by which a debtor can request cessation and thereby expand a debtor's rights under the FDCPA. Pl.'s Resp. to Def.'s Mot. Dismiss 7, ECF No. 30. But Bicking is distinguishable from the case here. In Bicking, the plaintiff sought relief under Section 1692g— the only substantive provision in the FDCPA that creates an affirmative duty for debt collectors in regard to their communications with debtors. Bicking, 783 F. Supp. 2d at 843. The Third Circuit has pointed out that "the debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." Wilson, 225 F.3d at 354. If Congress intended for debt collectors to have a duty to inform debtors that they must make a written request in order for collection efforts to cease, Congress would have mirrored the requirements of Section 1692g. Therefore, the prohibition against expanding a debtor's rights under Section 1692g, as found by the court in Bicking, does not apply to the case here.

Plaintiff also argues that the language at issue in Defendant Patenaude's letter places consumers in a position of giving up valuable rights. Pl.'s Resp. to Def.'s Mot. Dismiss 6, ECF No. 30. Plaintiff exaggerates the risk that a debtor might give up valuable rights in the course of

6

a phone call. In addition to not requiring a debt collector to declare the existence of Section 1692c(c), the FDCPA does not prohibit debt collectors from encouraging debtors to call in about their debts. A debt collector could obtain information about a debtor during any phone call, not just when a debtor calls in based on the statement at issue here.

Moreover, Defendant Patenaude's includes the statement, "This is an attempt to collect a debt and any information obtained will be used for that purpose." Am. Compl. Ex. A, ECF No. 16-1. Applying the "least sophisticated debtor" standard, Plaintiff is not absolved from having "a basic level of understanding and willingness to read with care." Wilson, 225 F.3d at 354–55. In reading the letter in its entirety, Plaintiff has been put on notice that information shared with the debt collector may be used against Plaintiff for the purposes of debt collection. In light of this statement, and because debt collectors may encourage debtors to call and are not required to inform debtors of Section 1692c(c), Defendant Patenaude's letter is not misleading.

In sum, because Plaintiff relies on Section 1692c(c) as the basis for her Section 1692e(10) claim, and because Plaintiff does not allege a violation of Section 1692c(c) or otherwise plead facts that allow the court to reasonably infer that the language in the letter is misleading and in violation of Section 1692e(10), Plaintiff fails to state a claim under Section 1692e(10) for which relief can be granted. Therefore, Plaintiff's Complaint shall be dismissed under Fed. R. Civ. P. 12(b)(6).

Finally, based on the foregoing reasoning, the Court does not reach Defendant Cach's argument that Plaintiff failed to adequately allege that Defendant Cach is a "debt collector," and therefore a proper defendant, under the FDCPA. Likewise, the Court does not reach the issue of whether Plaintiff has standing to bring her claims.

### III. Motion to Strike

Because Plaintiff failed to state a claim for which relief may be granted and her Complaint is dismissed accordingly under Fed. R. Civ. P. 12(b)(6), Defendant Patenaude's 12(f) Motion to Strike is denied as moot.

THEREFORE, based on the foregoing, Defendant Patenaude & Felix, A.P.C.'s Motion to Dismiss and Defendant Cach, LLC's Motion to Dismiss are GRANTED and Plaintiff's Complaint is hereby DISMISSED.

FURTHERMORE, Defendant Patenaude & Felix, A.P.C.'s Motion to Strike is DENIED as moot.

IT IS SO ORDERED.

DATE November 30, 2018

Marilyn J. Horan
United States District Judge